37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joyce Marie SMITH, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT CO., Defendant-Appellee.
 No. 93-55854.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joyce Marie Smith appeals pro se the district court's dismissal of her 42 U.S.C. Sec. 1981 claim against Hughes Aircraft Company ("Hughes"), her former employer. Smith also appeals the judgment on the jury verdict in favor of Hughes on her 42 U.S.C. Sec. 2000e claim and a related state law claim. Smith contends that the district court erred by (1) ruling that her section 1981 claim was time barred, and (2) not excluding Hughes' representative and witness Kaye Ekker from the trial during the testimony of Smith's witnesses. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 I. Statute of Limitations
 
 3
 A district court's ruling on the appropriate statute of limitations is a question of law which we review de novo. Miller v. Maxwell's Int'l., Inc., 991 F.2d 583, 585 (9th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994). A state's personal injury statute of limitations governs claims brought under 42 U.S.C. Sec. 1981. Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987). In California, that statute is one year. Van Pool v. City and County of San Francisco, 752 F.Supp. 915, 925 (N.D.Cal.1990), aff'd, O'Shea v. City of San Francisco, 966 F.2d 503, 507 (9th Cir.1992).
 
 
 4
 Here, the district court applied the proper one year statute of limitations to Smith's section 1981 claim and correctly found it was time barred because Smith resigned her position at Hughes on August 31, 1987, more than one year prior to filing her complaint on November 2, 1988.
 
 II. Presence of Witness During Trial
 
 5
 Although Smith's counsel failed to explicitly object to the presence of Ekker during the trial, we address this issue in light of Smith's pro se status on appeal. We review for abuse of discretion a district court's decision not to exclude a witness. Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir.1986).
 
 
 6
 Fed.R.Evid. 615 provides: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses.... This rule does not authorize exclusion of ... an officer or employee of a party which is not a natural person designated as its representative by its attorney...."
 
 
 7
 Hughes called Ekker, Smith's former supervisor, as a trial witness and also designated her as its only representative at trial. Because Ekker was Hughes' representative, Rule 615 proscribed her exclusion from the trial during the testimony of Smith's witnesses. See United States v. Thompson, 835 F.2d 219, 223 (9th Cir.1987). Therefore, the district court did not abuse its discretion by permitting Ekker to be present throughout the trial. See id. at 223.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3